UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ZAMIR INVESTMENT, INC., | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 10-CV-0975 |
| | § | |
| AMERICAN ECONOMY INSURANCE | § | |
| COMPANY and JOHN KRUEGER, | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Zamir Investment, Inc.'s ("Plaintiff") Motion to Remand. (Doc. No. 6.) Having considered the parties' filings, all responses and replies thereto, and the applicable law, the Court finds that Plaintiff's Motion to Remand should be granted.

## I.      BACKGROUND

This is an insurance dispute arising from damage to Plaintiff's commercial property that resulted from Hurricane Ike. Plaintiff, a Texas corporation, held an insurance policy for its commercial property issued by American Economy Insurance Company ("American Economy"). After Hurricane Ike, Plaintiff submitted a claim and a demand for payment of property and other covered damage to American Economy. The same day, American Economy assigned John Krueger to investigate Plaintiff's claim.

Plaintiff alleges breach of contract and common law fraud, as well as violations of the Texas Deceptive Trade Practices Act ("DTPA") and the Texas Insurance Code, against Defendants related to the adjustment and alleged underpayment of Plaintiff's claim. Plaintiff initially filed suit on January 14, 2010, in the 133rd Judicial District of Harris County, Texas.

Defendants filed a Notice of Removal pursuant to 28 U.S.C. §1446(a) on March 24, 2010, on the

basis of diversity jurisdiction.  (Doc. No. 1.)  In the Notice of Removal, Defendants acknowledge

Defendant Krueger is a Texas citizen, and is therefore not diverse from Plaintiff.   Rather,

Defendants argue that Krueger has been improperly joined in this action because Plaintiff has

failed to establish a valid cause of action against Krueger, and therefore Krueger's citizenship

should not be considered for purposes of jurisdiction.

## II.      LEGAL STANDARD

The removal statute, 28 U.S.C. § 1441(a), provides:

> [A]ny civil action brought in a State court of which the district courts of the
> United States have original jurisdiction, may be removed by the defendant or
> defendants, to the district court of the United States for the district and division
> embracing the place where such action is pending.

Federal courts have original jurisdiction over any civil action "where the matter in controversy

exceeds . . . $75,000 . . . and is between citizens of a State and citizens or subjects of a foreign

state." 28 U.S.C. § 1332(a)(2) (2005).   The party that seeks removal has the burden of

establishing that federal jurisdiction exists and that removal was proper.  *Manguno v. Prudential*

*Property & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).   Courts must

strictly construe removal statutes in favor of remand and against removal.  *Bosky v. Kroger Tex.,*

*L.P.*, 288 F.3d 208, 211 (5th Cir. 2002).

Under the fraudulent joinder doctrine, "federal removal jurisdiction premised on diversity

cannot be defeated by the presence of an improperly joined non-diverse and/or in-state

defendant."  *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006).   To

establish fraudulent joinder, the removing party must prove either that there has been actual

fraud in the pleading of jurisdictional facts, or that there is no reasonable possibility that the

plaintiff will be able to establish a cause of action against that party in state court.  *Smallwood v.*

*Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992 (2005). The defendant must demonstrate that there is no possibility of recovery by the plaintiff against the non-diverse defendant, that is, that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the non-diverse defendant. *Id*. at 573 (citations omitted). A court may resolve this issue in one of two ways: by conducting a Rule 12(b)(6)-type analysis, looking at the allegations of the complaint to determine whether it states a claim under state law against the non-diverse defendant, or by piercing the pleadings and conducting a summary judgment-type inquiry. *Id*. Ordinarily, if a plaintiff can survive a 12(b)(6)-type challenge, there is no improper joinder. *Id*. A court, in its discretion, however, may pierce the pleadings and conduct a summary-judgment type inquiry if it determines that there are "discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id*. at 573-74.

When determining whether a party has been improperly joined, all factual allegations must be evaluated "in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

Thus, in order to defeat Plaintiff's Motion for Remand, Defendants must show that this case was properly removed to this Court under 28 U.S.C. § 1441, that is, that Krueger, a purportedly non-diverse defendant, was improperly sued by Plaintiff.

## III.   ANALYSIS

The parties in this case do not appear to dispute that the jurisdictional minimum has been met, or that Plaintiff and Krueger are both Texas residents. Defendants instead argue that Krueger was improperly joined in this case because Plaintiff's pleadings fail to sufficiently

allege a specific factual basis for recovery against Krueger. Defendants also submit an affidavit allegedly demonstrating Krueger's limited involvement in the adjustment of the claim. Defendants ask the Court to pierce the pleadings and consider the affidavit because, they argue, it demonstrates that Krueger could not have committed the violation that caused Plaintiff's harm. Thus, Defendants contend, there is no reasonable possibility that Plaintiff could recover against Krueger.

Plaintiff's original petition filed in Harris County (the "Original Petition") alleges that Krueger committed various violations of the Texas Insurance Code and the DPTA. Defendants do not appear to dispute the validity of causes of action against individual insurance adjusters for violations of the Texas Insurance Code. (Doc. No. 8 at 11); *see also Liberty Mutual Ins. Co. v. Garrison Contractor's Inc.*, 966 S.W.2d 482, 484-86 (Tex. 1998). Nonetheless, Defendants argue that Plaintiff's allegations against Krueger are deficient because their Original Petition contains only conclusory recitations of the Texas Insurance Code without naming specific actions taken by Krueger that allegedly violated the law. According to Defendants, such a pleading is not sufficient to show a reasonable basis for the Court to predict that Plaintiff might be able to recover from Krueger, the only non-diverse Defendant.

Plaintiff's Original Petition, however, clearly alleges that its property sustained damage, it filed an insurance claim with American Economy, American Economy assigned Krueger to adjust its insurance claim and communicate with Plaintiff about policy terms, and that Krueger failed to fulfill his task in compliance with the law. The Original Petition lists specific ways in which Krueger violated the law, including, among other things, that he failed to fully quantify Plaintiff's damages and therefore did not conduct a thorough investigation of the claim, failed to fairly evaluate and adjust the claim, misrepresented the true value of Plaintiff's covered loss, and

failed to provide Plaintiff a reasonable explanation for under-compensating Plaintiff's claim. Unlike, *Finkleman v. Liberty Mutual et al* (Cause No. H-09-3855), the case on which Defendants rely heavily, where the actions of the adjuster were coupled with the actions of the insurer in the complaint, Plaintiff devotes an entire separate section of its Original Petition specifically to Krueger's wrongful actions. *See* Pl.'s Compl.¶ ¶ 18-22.

Defendants' argument, in essence, appears to be that Plaintiffs' pleadings are insufficiently detailed to meet federal pleading requirements. However, this argument is of limited relevance to the current inquiry whether there is a reasonable basis to predict that Plaintiffs might recover against Andrews in state court. *See KIW, Inc. v. Zurich American Ins. Co.*, No. H-05-3240, 2005 WL 3434977, at *3, (S.D. Tex. Dec. 14, 2005) (applying Texas state law "fair notice" pleading standard to "liberally" construe pleadings in improper joinder inquiry); *Rodriguez v. Yenawine*, 556 S.W.2d 410, 415 (Tex. Civ. App.-Austin 1977, no writ) ("Texas courts have upheld the pleading when the technical elements of a cause of action, without allegations of ultimate facts to be proved, were alleged in the petition.").

The Court therefore holds that Plaintiff's allegations do in fact state a claim under state law against the non-diverse defendant, Krueger, and, if proven true, do create the reasonable possibility that Plaintiff could prevail on these claims.

The Court notes that this result is consistent with recent Southern District of Texas opinions involving similar facts and circumstances. *See, e.g., Campos v. American Bankers Ins. Co. of Florida, et al.*, No. H-10-0594, 2010 WL 2640139 (S.D. Tex. June 30, 2010); *Seabrook Marina, Inc. v. Scottsdale Ins. Co.*, --- F. Supp. 2d ---, 2010 WL 2383771 (S.D. Tex. June 9, 2010); *Cruz v. Standard Guar. Ins. Co.*, No. H-10-0352, 2010 WL 2269846 (S.D. Tex. June 4, 2010); *Harris v. Allstate Tex. Lloyd's*, No. H-10-0753, 2010 WL 1790744 (S.D. Tex. Apr. 30,

2010); *Ample Bus. Inv., L.P. v. Am. States Ins. Co.*, No. H-10-0802, 2010 WL 1737114 (S.D. Tex. Apr. 29, 2010); *but see, e.g.*, *Jimenez v. Travelers Indemnity Co.*, No. H-09-1308, 2010 WL 1257802, at *4-6 (S.D. Tex. March 25, 2010) (denying remand because the named instate defendant was not actually the adjuster who had analyzed the claim).

Defendants nonetheless argue that, even if Plaintiff's pleadings state a valid claim against Krueger, the Court should pierce the pleadings and consider Krueger's affidavit describing his allegedly limited role in the adjustment of Plaintiff's claim. (*See* Doc. No. 8 at 54.) The affidavit asserts that Krueger was assigned as field investigator for Plaintiff's claim and inspected the insured site on or about October 7, 2008. *Id.* Krueger evaluated the damage and submitted a repair estimate for the fencing, roofing, and related repairs, which was below Plaintiff's deductible amount. *Id.* He then allegedly had no further involvement in the adjustment of Plaintiff's claim. *Id.*

Whether to pierce the pleadings to conduct a summary judgment-type analysis is a decision for the Court in its discretion. *Smallwood*, 385 F.3d at 573-74. In this case, Defendants appear to argue that the Court should undertake such an inquiry because there are "discrete and undisputed facts that would preclude plaintiff's recovery" against Krueger because he was not the adjuster who handled the claim during the time of the alleged Texas Insurance Code violations. The facts presented in the affidavit, however, do not necessarily demonstrate that Krueger was not involved in the complained of conduct. Indeed, as Plaintiff points out in its response, Krueger's affidavit admits that he investigated Plaintiff's claim and even submitted an estimate to American Economy, which the insurer later relied upon in determining the value of Plaintiff's claim. (*See* Doc. No. 9-1.) Certainly, drawing all inferences in Plaintiff's favor, at the very minimum, there remains a genuine issue of material fact as to whether Krueger conducted a

reasonable investigation of Plaintiff's claim, one of the violations of the Texas Insurance Code Plaintiff alleges.

Thus, even when looking beyond the pleadings, the record does not show that there is no reasonable possibility Plaintiff could recover against Krueger in state court. The Court accordingly concludes that Krueger was not improperly joined in this action. As a result, complete diversity does not exist and this Court lacks jurisdiction. Remand is therefore appropriate.

## IV.    ATTORNEY'S FEES

Plaintiff has requested that the Court order Defendants to pay costs, expenses, and attorney's fees incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c). The plain language of the statute makes clear that such an award is discretionary. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 1997). In determining whether an award of costs and attorney's fees is appropriate, courts should focus on the legal propriety of removal, not motive. *Id.* The propriety of the removing party's actions is examined based on an "objective view of the legal and factual elements in each particular case." *Valdes*, 199 F.3d at 293. Further, the objective merits of removal must be evaluated "at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper." *Id.*

Defendants, in their Notice of Removal, claim that Krueger was improperly joined because Plaintiff does not have a reasonable basis for recovery against him in state court. They argue that the failure of Plaintiff's state court pleadings to allege sufficient specific facts, as well as Krueger's allegedly limited role in the adjustment of Plaintiff's claim, foreclose the possibility of recovery against Krueger. Although the Court disagrees with Defendants as to the sufficiency of the Plaintiff's pleadings and the inferences that can be drawn from Krueger's affidavit, other

courts have agreed with similar arguments under different facts and denied remand. *See e.g.*, *Jimenez*, 2010 WL 1257802, at *4-6. Therefore, although this Court has determined that removal is improper, Defendants' filing of the Notice of Removal was not improper. Therefore, the Court denies the Plaintiff's request for costs and expenses, including attorney's fees.

## V.    CONCLUSION

Because Defendants have failed to establish that Krueger, a non-diverse Defendant, was improperly joined in this case, the Court lacks diversity jurisdiction. Plaintiff's Motion to Remand (Doc. No. 6) is **GRANTED** in part and **DENIED** with respect to the request for costs and expenses. This action is hereby **REMANDED** to the 133rd District of Harris County, Texas. Finally, the Court apologizes for its delay in ruling on the Motion to Remand.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 15 day of October, 2010.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE